ADAMS, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LEODIS HARRIS, et al., | ) | CASE NO. 5:05CV1681 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| JACK AMBROZIC, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 29, 2005, plaintiffs Leodis Harris, *pro se*, and Fatimah M. Harris filed this action for breach of contract and conversion against defendants Jack Ambrozic, Jack Koury, Donald A. Campbell, and SBA Broadband Services, Inc. Plaintiffs are citizens of the State of Ohio. SBA Broadband Services, Inc. is a Florida corporation with its principal place of business in the State of Florida. Ambrozic, Koury, and Campbell, however, are citizens of the State of Ohio.

Given the most liberal construction, the complaint in the case at bar does not contain allegations remotely suggesting the plaintiffs might have a valid federal claim, or setting forth a reasonable basis for jurisdiction. This action is therefore appropriately subject to summary dismissal. *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir.1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims). The Court does not have federal

question jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 because claims for breach of contract and conversion are state law claims.

Diversity jurisdiction exists where the matter in controversy exceeds $75,000.00, and is between citizens of different states. 28 U.S.C. § 1332(a). The complete diversity rule requires that every plaintiff be of diverse citizenship from every defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806).

Without regard to whether the plaintiffs may have stated otherwise valid claims for relief, it is clear on the face of the complaint that there is not complete diversity of citizenship of the parties. The inclusion of Ambrozic, Koury, and Campbell as parties defendant is a violation of the complete diversity rule since the plaintiffs are co-citizens of theirs. The Court therefore lacks subject matter jurisdiction over this matter. *See Caudill v. North America Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000). Accordingly,

The within matter will be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

IT IS SO ORDERED.

| July 6, 2005 | /s/ John R. Adams |
|---|---|
| Date | John R. Adams |
| | U.S. District Judge |